OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State of Ohio, Appellee, v. Lambert, Appellant.
[Cite as State v. Lambert (1994),     Ohio St.3d    .]
Appeal dismissed for want of final appealable order.
     (No. 93-934 -- Submitted April 6, 1994 -- Decided May 25,
1994.)
     Appeal from the Court of Appeals for Montgomery County,
No. 13483.


     Lee I. Fisher, Attorney General, and Brad L. Tammaro,
Assistant Attorney General, Environmental Enforcement Section;
Mathias H. Heck, Jr., Montgomery County Prosecuting Attorney,
for appellee.
     Bieser, Greer & Landis, David C. Greer and Sharon L.
Ovington; Arter & Hadden and John P. Gartland, for appellant.


     The judgment of the court of appeals is vacated and the
appeal is dismissed for want of a final appealable order.  The
cause is remanded to the trial court for reinstatement of its
order.
     Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E.
Sweeney and Pfeifer, JJ., concur.
     Pfeifer, J., concurring.    I regret that by finding no
final appealable order in this case we have missed an
opportunity to improve Ohio's criminal discovery rules.
Montgomery County Common Pleas Court Loc. R. 303(I)(D)(2)(d) is
a well thought-out, effective rule which does not conflict with
Crim. R. 16.  Loc. R. 303(I)(D)(2)(d) provides that upon
defense counsel's demand, a criminal defendant shall be
provided with an "information packet" which contains all police
reports, witness statements, defendant's statements, and
laboratory reports, and the names and addresses of all
witnesses.  Loc. R. 303(I)(D)(2)(d) has many beneficial aspects
and no apparent downside.  It prevents meaningless,
resource-wasting "hide the thimble" games by the state in
criminal matters.  I recommend the statewide adoption of Loc.
R. 303(I)(D)(2)(d).